PER CURIAM.
We reverse the trial court’s order dismissing with prejudice Barry and Barbara Meltzer’s claims as dissenting shareholders finding, in the instant ease, that the letter dated April 4, 1997, written by the Meltzers’ counsel, was sufficient to notify the corporations of the Meltzers’ intent to oppose the proposed merger and demand payment for their shares. § 607.1320(1)(a), Fla. Stat. (1997); Greco v. Tampa Wholesale Co., 417 So.2d 994, 998 (Fla. 2d DCA 1982)(“[T]he procedure by which a dissenting shareholder enforces his rights should be liberally construed in circumstances where no prejudice is shown to the corporation.”), review denied, 431 So.2d 990 (Fla.1983).
Although we find that the trial court acted within its discretion in transferring venue of the Meltzers’ remaining claims to Palm Beach County, we remand this issue for reconsideration by the trial court in light of the reversal of the order dismissing the Meltzers’ claims as dissenting shareholders. Reconsideration is warranted because jurisdiction for the Meltzers’ claims as dissenting shareholders properly lies in Dade County, the county where the registered offices of the corporations are located. § 607.1320(7), Fla. Stat. (1997).
Reversed and remanded for further proceedings consistent with this opinion.